# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAROLD ANTHONY COGHLAN,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBER
AT-0752-16-0163-I-1

DATE: September 16, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark Wonders, Ozark, Alabama, for the appellant.

Elizabeth A. Bidwill, Esquire, Fort Rucker, Alabama, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant is an Airspace System Inspection Pilot for the agency's Air Traffic Services Command, in Fort Rucker, Alabama. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 34-38. The position requires that he maintain a secret security clearance. IAF, Tab 5 at 35, 37. In January 2015, the agency initiated an investigation into allegations that the appellant falsely documented work time or claimed the same time for both his civilian and reservist positions. IAF, Tab 20 at 5-6. After collecting pertinent evidence, including a statement from the appellant, the investigating official issued an Army Regulation (AR) 15-6 report, which concluded that he had engaged in several associated improprieties. *Id*. at 7-14.

¶3    Based on the AR 15-6 report, the agency suspended the appellant's access to classified information and placed him on administrative leave. IAF, Tab 5 at 31-33. The agency also referred the matter to the Department of Defense Consolidated Adjudications Facility (DODCAF), which informed the appellant that it intended to revoke his security clearance. *Id*. at 18-25.

¶4    In October 2015, the agency proposed the appellant's indefinite suspension "based on [his] local suspension of access to classified and sensitive information." *Id*. at 14-15. After the appellant responded, the deciding official

sustained the action, effective November 23, 2015.  *Id*. at 10-13.  This appeal followed.  IAF, Tab 1.

¶5      The administrative judge held the requested hearing and affirmed the indefinite suspension.  IAF, Tab 28, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 4-5.

¶6      An agency may indefinitely suspend an employee when his access to classified information has been suspended and he needs such access to perform his job.  *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015).  The Board lacks authority to review the merits of the decision to suspend access.  *Id*. Rather, in an appeal of an adverse action based on the denial, revocation, or suspension of a security clearance, the Board generally will review only whether: (1) the employee's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7313.  *Rogers*, 122 M.S.P.R. 671, ¶ 5.

¶7      On review, the appellant does not dispute that his position requires a security clearance or that his clearance was suspended.  He does, however, reassert that the agency improperly denied him access to pertinent evidence, "including the AR 15-6 legal review and all supporting documents."[2]  PFR File, Tab 1 at 4-8.  We disagree.

---

[2] Both below and on review, the appellant appears to conflate the process for adjudicating his clearance and the process for adjudicating his indefinite suspension. *E.g*., IAF, Tab 1 at 5; PFR File, Tab 1 at 5-6.  For example, the appellant asserts that the agency failed to respond to a number of information requests that postdate his suspension of access to classified materials but predate the proposal to indefinitely suspend him.  PFR File, Tab 1 at 5-6.  He also asserts that it was improper for DODCAF adjudicators to receive the full AR 15-6 report, while his copy contained redactions.  *Id*. at 8.  We have considered these allegations only to the extent that they relate to the appellant's indefinite suspension appeal.  *See Rogers*, 122 M.S.P.R. 671, ¶ 5.

¶8        In the context of an indefinite suspension stemming from the suspension of an employee's security clearance, an agency is not obliged as a matter of constitutional due process to notify the employee of the specific reasons for the suspension of his clearance. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 25 (2014). For purposes of due process, it is sufficient for an agency to inform the employee that his position required a security clearance and that he can no longer hold his position once he lost his clearance. *Id.* Here, the agency provided the appellant with this information.[3] IAF, Tab 5 at 14-15.

¶9        Separate from constitutional due process, the Board will reverse an indefinite suspension based on the suspension of a security clearance if an appellant is able to prove a harmful procedural error. *Buelna*, 121 M.S.P.R. 262, ¶ 33; 5 C.F.R. § 1201.56(c)(1). To do so, an appellant must prove that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Buelna*, 121 M.S.P.R. 262, ¶ 33; 5 C.F.R. § 1201.4(r).

¶10       Pursuant to the statutory requirement of 5 U.S.C. § 7513(e), an employee facing an adverse action must be notified of the specific reasons for a proposed adverse action. *Buelna*, 121 M.S.P.R. 262, ¶ 25. In the context of an indefinite suspension based on the suspension of a security clearance, section 7513 requires that the appellant be provided sufficient information to make an informed reply, including a statement of the reasons for the clearance suspension. *Id.*, ¶ 34. Further, a provision of the applicable collective bargaining agreement requires that an employee facing formal discipline "be given, upon request, copies of all

---

[3] We recognize that the appellant invoked the phrase "due process" in his petition for review. PFR File, Tab 1 at 6-7. However, he did so in the context of alleging that he was denied the procedural protections of 5 U.S.C. § 7513. PFR File, Tab 1 at 6-7. It appears that he made no substantive due process argument. *Id.* Accordingly, we will not address due process any further.

documentation pertaining to the offense in accordance with applicable law." IAF, Tab 11 at 12.

¶11        In this case, the agency's proposal to indefinitely suspend the appellant because of his clearance suspension did not include a statement of the reasons for that clearance suspension. IAF, Tab 5 at 14-15. When the appellant requested the documents supporting the proposed indefinite suspension, he reportedly received only two emails, neither of which discussed the reasons for the underlying clearance suspension. IAF, Tab 5 at 32-33, Tab 25 at 12-13. Nevertheless, we agree with the administrative judge's determination that he received adequate notice. ID at 6-11.

¶12        When the agency notified the appellant that it was suspending his access to classified and sensitive information, it cited the AR 15-6 investigation as the basis for doing so. IAF, Tab 5 at 31. Subsequently, when DODCAF informed the appellant that it intended to revoke his clearance, it included a "statement of reasons," which detailed the allegations underlying the AR 15-6 investigation and report, as well as the associated security concerns.[4] *Id*. at 18, 21-25. After that, in response to a Freedom of Information Act request, the agency provided the appellant with a copy of the agency's AR 15-6 report, with redactions for attorney work product, attorney-client communications, and personal privacy. *Id*. at 16−17.

¶13        The appellant received all of the aforementioned information in the months leading up to the agency's proposal to indefinitely suspend him "based on [his] local suspension of access to classified and sensitive information." *Id*. at 14-15. Under these circumstances, it is evident that the appellant had sufficient information to make an informed reply to the proposed indefinite suspension, including the reasons for the clearance suspension. Therefore, the requirements

---

[4] Prior to the agency's proposal to indefinitely suspend the appellant, the appellant presented a substantive and detailed response to DODCAF concerning the allegations contained within the AR 15-6 report. IAF, Tab 7 at 15, 17-24.

of section 7513 were satisfied, and the agency did not commit harmful error by failing to provide additional documentation. *See King v. Alston*, 75 F.3d 657, 662 (Fed. Cir. 1996) (finding that the agency provided an employee with sufficient information to make an informed reply when it notified him that his security clearance was being suspended because of "a potential medical condition" and then informed him that he was being indefinitely suspended from duty based on the suspension of his security clearance); *Buelna*, 121 M.S.P.R. 262, ¶ 34 (finding that the notice suspending an appellant's security clearance, coupled with the notice proposing his indefinite suspension, adequately informed him of the basis for the suspension of his security clearance, i.e., alleged fraudulent claims); *cf. Cheney v. Department of Justice*, 479 F.3d 1343, 1353 (Fed. Cir. 2007) (finding that an employee was not provided with the opportunity to make a meaningful response to the notice of proposed suspension when he had to guess at the reasons for his security clearance suspension). Accordingly, we affirm the initial decision sustaining the appellant's indefinite suspension.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.

*See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991). If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
                Jennifer Everling
                Acting Clerk of the Board

Washington, D.C.